IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| BELINDA VENTIMIGLIA-DeLAROSA | § | |
| v. | § | CIVIL ACTION NO. 2:11-CV-190 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |

ORDER OF DISMISSAL

Plaintiff filed the above-styled and numbered civil action pursuant to the Social Security Act, Section 205(g), for judicial review of the Commissioners's denial of her application for Social Security benefits. The cause of action was referred to United States Magistrate Judge Roy S. Payne, who issued a Report and Recommendation concluding that the decision of the Commissioner should be affirmed and the complaint be dismissed. Plaintiff has filed written objections.

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Plaintiff's objections include a brief stating her position, several pages from her medical evidence of record, all of which have been presented to this Court already, and a copy of the Magistrate Judge's Report and Recommendation with interlineated handwritten notes, comments, and question marks, similar in style to the briefs she has previously presented. She appears to think that the Report and Recommendation unfairly targets her use of handwritten notes and interlineated commentary on prior decisions. However, it simply is a way of identifying which points she was trying to make, just as the Court now does with her objections.

Plaintiff argues that the Court should afford the progress notes entered in the record by Nurse Practitioner Bockmon (later, Flournoy) the same weight as those of a licensed physician based on

her long-standing treatment history and her other credentials. The Magistrate Judge already afforded weight to Ms. Bockmon's progress notes in the Report and Recommendation. However, the fact is that under the Social Security regulatory framework, she is not an "approved medical source" whose opinions are due the weight given to such approved sources. *See* 20 C.F.R. § 404.1513(a), (d)(1). Furthermore, Ms. Bockmon's medical notes are of little use in substantiating Plaintiff's claim of disability, as the Report and Recommendation points out. They do not establish that Plaintiff was under any functional limitation by her claimed impairments.

Plaintiff also takes issue with the Report and Recommendation's footnoted observation that the vocational expert identified other jobs that Plaintiff could perform, under the various hypothetical questions posed by the Administrative Law Judge (ALJ). She flatly states that the vocational expert did not identify any such jobs. In fact, however, the vocational expert did indeed identify different types of nursing positions that Plaintiff could perform under the various limitations imposed by the ALJ's hypothetical questions. Further, when the ALJ's hypothetical limitations progressed to the point that they eventually foreclosed the possibility of nursing work, the vocational expert still identified work that Plaintiff could perform at the unskilled or semi-skilled clerical level. *See* Transcript ("Tr.") at 52 (identifying specifically the clerical job of "sorter" under Dictionary of Occupational Titles code no. 209.687-022). In any event, that did not form the basis of the ALJ's ultimate decision, which was that the records did not provide substantial evidence to show a severe impairment at Step Two. As the Magistrate Judge aptly pointed out, this Court is *not* making a finding that Plaintiff could perform "other work" at Step Five. The observation regarding the vocational expert's testimony simply reinforces the overall findings in this review.

The medical records Plaintiff submitted with her objections already appear in the record and do not support her claim. She appears to ask the Court to draw inferences from them that they do

not support. The fact that one or another of them states a diagnosis is not sufficient. A diagnosis alone is not evidence of disability or even a severe impairment. *See, e.g., Milbery v. Comm'r of Soc. Sec. Admin.*, 2012 WL 210770, at *3 (E.D. Tex. Jan. 24, 2012), *adopted by* 2012 WL 1080834 (E.D. Tex. Mar. 30, 2012). Instead, medical diagnoses are one factor of several to be considered when evaluating disability. *See Fraga v. Bowen*, 810 F.2d 1296, 1302 n.4 (5th Cir. 1987). The few records dating to the relevant period of Plaintiff's claim do not show any functional limitation in Plaintiff's ability to perform work-related activities. The remainder of the records she has resubmitted with her objections date to between 2006 and 2010, long after the relevant period and do not relate back. Plaintiff alleged that her disability onset date was November 1, 1994. Her last insured date under the Social Security Act for the purposes of her Title II claim was December 31, 1999. Therefore, she must show by competent evidence that she was disabled during that relevant period. *See Ware v. Schweiker*, 651 F.2d 408, 411 (5th Cir. 1981), *cert. denied*, 455 U.S. 912, 102 S. Ct. 1263, 71 L. Ed. 2d 452 (1982). Her later records, which she continues to offer as proof of disability, simply do not pertain to the relevant period of her claim. Moreover, they do not even provide contemporary evidence of a functional limitation required to prove her disabled.

The Court has carefully reviewed each of the interlineated notes Plaintiff has interspersed on the Report and Recommendation, but they do not help her. In certain cases, she disputes a point or observation in the medical evidence of record. For example, she contends she is deaf in both ears, not just her left. However, her own Disability Report - Adult, Tr. at 109, only refers to the left ear. The Court is limited to considering the actual contents of the record. In other places, she has simply underlined or circled certain portions of the Report and Recommendation, or placed a question mark next to a phrase. That does not communicate an argument to the Court.

Having made a *de novo* review of the objections raised by Plaintiff to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections of Plaintiff are without merit. Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that Plaintiff's objections are hereby **OVERRULED**.  It is further

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and the complaint is hereby **DISMISSED WITH PREJUDICE**.  It is further

**ORDERED** that any motion not previously ruled on is **DENIED**.

**So ORDERED and SIGNED this 20th day of August, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE